RICHARD CARTER V. THE STATE.

In an indictment under the Act of 1850, (Ch. 58, Sec. 1,) against a master, for *knowingly* permitting his slave to carry fire-arms at other place than on his own plantation, it was held to be erroneous to instruct the jury that the law presumes that every man is informed of any habitual or usual acts of his own slave, unless that presumption is rebutted by the proof.

Appeal from Brazos. Tried below before the Hon. John Gregg. The facts appear from the Opinion.

*Rogers*, for appellant.

*Attorney-General*, for appellee.

WHEELER, J. The law under which this indictment was found makes the offence to consist in the master knowingly permitting his slave to carry fire-arms, &c. (Acts of 1850, Ch. 58, Sec. 1, p. 42.) The Court instructed the jury that " the law presumes that every man is informed of any habitual or usual acts of his own slave, unless that presumption is rebutted by the proof." This, we think, was error. It reverses the order as respects the burden of proof upon a charge of crime, and virtually throws upon the defendant the burden of proving his innocence of a complicity in the criminal act of his slave, the relation of master and slave having been established. It makes that a presumption of law which is at most but presumptive evidence of a fact, to be found by the jury. Proof that the master was cognizant of the habitual conduct of his slave might be a circumstance properly submitted to a jury, to enable them to decide whether he had a knowledge of a particular act of the slave. At most, it would be but presumptive evidence of the fact; upon which, however, it would be for the jury to decide. They might, perhaps, be warranted in presuming or inferring such knowledge from such proof. It might be presumptive evidence of the fact, but surely it is not a presumption of law, that a man who knows the customary acts

of his slave, knew that he did a particular act. So to hold, and attach criminality to such presumed knowledge, would make it dangerous to sustain that relation. We are of opinion that the charge was erroneous, and calculated to mislead; for which the judgment is reversed and the cause remanded.

                                              Reversed and remanded.